{¶ 22} I agree that summary judgment was improper but for a more fundamental reason than that expressed in the principle opinion. The Moores' complaint alleges they acquired title by a deed from the Smiths in 1982. They have also attached a copy of the deed and a power of attorney to their complaint. Notwithstanding the fact they also allege some uncertainty about the validity of the 1982 transfer, until that issue is resolved, they cannot be entitled to summary judgment as a matter of law on a claim for adverse possession. One who already owns title to property cannot acquire title to the same property by adverse possession. See 2 Ohio Jurisprudence 3d (1977, Supp. 1993), Adverse Possession, Section 9 stating "The necessary elements are: (1) possession by the claimant, which is (2) adverse to the recordowner and (3) continued for the statutory period." (Emphasis supplied.) See also Crown Credit Company, Ltd. V. Bushman, et al.,170 Ohio App.3d 807, 2007-Ohio-1230 at ¶ 31, citing Grace v. Koch (1998),81 Ohio St.3d 577, 580, 692 N.E.2d 1009. Thus, upon remand the Moores should ask for declaratory judgment on the validity of the 1982 deed. Alternatively, they may seek title by adverse possession, but only if the deed was ineffective to transfer the interests of William R. and Genevieve Smith. *Page 9 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and that this cause BE REMANDED to the trial court for further proceedings consistent with this opinion. Appellee shall pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment Only with Opinion.
 McFarland, J.: Concurs in Judgment Only. *Page 1